UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GILLISPIE, et al.**,

      Plaintiffs,

v.                                    **Case No. 8:06-CV-2065-T-24EAJ**

**GARRITY, et al.,**

      Defendants.

_____ /

## REPORT AND RECOMMENDATION

Plaintiffs' **Emergency Motion for Injunctive Relief and/or Temporary Restraining Order** (Dkt. 2) is before the court.[1] The undersigned held a status conference on Plaintiffs' request for injunctive relief on December 11, 2006.

Plaintiffs request that the court issue a preliminary injunction permitting them to remove a rented backhoe from their property. According to Plaintiffs, the Hillsborough County Sheriff's Office, formerly a defendant in this case, was prohibiting Plaintiffs from removing the backhoe and returning it to the rental company because the property on which it was parked may be considered wetlands under state law (Dkt. 2).

At the December 11, 2006 status conference, the Hillsborough County Sheriff's Office agreed to allow Plaintiffs "to move their rental equipment across Plaintiffs' lands for purposes of returning the renal equipment to the vendors . . ." (Dkt. 31 at 2). In exchange, Plaintiffs agreed to file a request to withdraw their motion for preliminary injunctive relief (see Dkt. 30). Accordingly,

---

[1] On November 6, 2006, the District Judge denied Plaintiffs' request for a temporary restraining order and referred the remaining issues to the undersigned for a report and recommendation (Dkt. 4).

on December 13, 2006, Plaintiffs and counsel for David Gee, the Hillsborough County Sheriff's Office, Troy Davis, John Doe, James Doe, and Deputy James Doe – at that time defendants in the case – filed a Joint Stipulation for Dismissal with Prejudice (Dkt. 31), which the District Judge granted (Dkt. 32).

Therefore, according to the Joint Stipulation, Plaintiffs and the former defendants listed above have reached agreement concerning the preliminary injunctive relief Plaintiffs seek. Plaintiffs' request for a preliminary injunction is not directed at any of the remaining Defendants (Dkt. 2 at 35-36).  Nevertheless, Plaintiffs have not yet filed a request to withdraw their motion for preliminary injunctive relief.

Upon consideration, the undersigned recommends that Plaintiffs' **Emergency Motion for Injunctive Relief and/or Temporary Restraining Order** (Dkt. 2) be **DENIED as moot**.

Dated: January 11th, 2007

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the

factual findings on appeal.  28 U.S.C. § 636(b)(1).